1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL WITKOWSKI,

Plaintiff,

v.

CITY OF PORT ORCHARD,

Defendant.

Case No. 3:25-cv-05368-TMC

ORDER DISMISSING COMPLAINT
UNDER 28 U.S.C. § 1915

14    This matter is before the Court on review of Pro Se Plaintiff Michael Witkowski's

15    Complaint. Dkt. 9. For the reasons below, the Court concludes that Mr. Witkowski's Complaint

16    fails to state a claim upon which relief can be granted. The Court thus DISMISSES Mr.

17    Witkowski's current complaint (Dkt. 9) but GRANTS Mr. Witkowski leave to amend.

18    Mr. Witkowski must file an amended complaint that corrects the defects explained in this order

19    no later than July 10, 2025. If he does not, the case will be dismissed without prejudice.

20    **I.    BACKGROUND**

21    On April 30, 2025, Mr. Witkowski commenced this action and moved to proceed *in*

22    *forma pauperis* (IFP). Dkt. 1; Dkt. 7 (second motion for leave to proceed IFP, correcting errors

23    from prior motion). Mr. Witkowski also submitted a proposed complaint. Dkt. 4. On June 2,

24    2025, Magistrate Judge Grady Leupold granted the motion to proceed IFP but recommended this

Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Dkt. 8. The Clerk then docketed Mr. Witkowski's complaint. Dkt. 9.

Mr. Witkowski brings his claims under 42 U.S.C. § 1983, alleging violation of his First and Fourteenth Amendment rights by Defendant, the City of Port Orchard. Dkt. 9 at 1–2. Mr. Witkowski alleges that between January 2022 and April 2025, he attempted to "submit multiple formal criminal complaints to the Port Orchard Police Department concerning unlawful conduct that occurred in Kitsap County Superior Court proceedings." *Id.* at 2. Mr. Witkowski explains that this unlawful conduct included: "perjury, submission of knowingly false documents, forgery of documents, . . . tampering with evidence, and obstruction of justice." *Id.* at 2–3. Mr. Witkowski alleges that the Port Orchard Police Department refused to consider the evidence or investigate the reports. *Id.* at 3.

## II.    LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    DISCUSSION

**A.    Sufficiency of the Complaint**

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

As explained above, Mr. Witkowski brings claims for violation of his constitutional rights against the City of Port Orchard. Dkt. 9 at 1–3. To maintain a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (citation omitted). The plaintiff must first identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A plaintiff must then allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff must also plead facts showing the defendants were acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

The complaint fails to meet these requirements. First, the failure of a police officer to act in accordance with his duties is usually not actionable under Section 1983. *See Patel*, 648 F.3d at 971 ("In that vein, the Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests.") (citation omitted); *see also Munger v. City of Glasgow Police*

1

2

*Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000) ("[T]he general rule is that [a] state is not liable for its omissions.").

3

4

5

6

7

8

9

There are two exceptions to this general rule: (1) when a "special relationship" exists between the plaintiff and the state (the special-relationship exception); and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the state-created danger exception). *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198–202 (1989); *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996). If either exception applies, a state's omission or failure to protect may still give rise to a Section 1983 claim.

10

11

12

13

14

15

Mr. Witkowski seeks to bring a Section 1983 action for a violation of his constitutional rights because the Port Orchard Police Department "categorically refused to accept or investigate" his complaints. Dkt. 9 at 1. Mr. Witkowski explains that he tried to submit multiple formal criminal complaints, but the Department refused. *Id.* at 2–3. Mr. Witkowski does not allege that the Department, or the City, took any affirmative actions that violated his constitutional rights. *See generally id.*

16

17

18

19

20

21

22

And the Complaint does not make any allegations that would fall under the rule's two exceptions. *See generally* Dkt. 9. The complaint states only that Mr. Witkowski "presented clear and substantial proof" of the Superior Court's alleged crimes, and "the department refused to review the evidence or document his complaints, stating that the matters were 'civil' in nature." *Id.* at 3. These allegations do not give rise to a claim that a special relationship existed between the parties or that the state created, and then ignored, a dangerous situation. *See Grubbs*, 92 F.3d at 900.

23

24

Second, the Complaint does not name a proper defendant based on the facts alleged. The sole Defendant is the City of Port Orchard. Dkt. 9 at 2. Most claims under Section 1983 must be

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 - 4

made against individual government officials. The term "persons" under Section 1983 "encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008) (citation omitted).

Local governments may be "persons" subject to suit under Section 1983 in certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). A plaintiff must thus show "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)) (emphasis in original).

The City of Port Orchard, a municipality, may be a proper defendant. But Mr. Witkowski has not adequately alleged municipal liability here. "[A] municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694); *see Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 883 (9th Cir. 2022) ("Under *Monell*, plaintiffs suing a municipal entity for damages under 42 U.S.C. § 1983 'must show that their injury was caused by a municipal policy or custom.'") (quoting *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 30–31 (2010)). To state a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91.

1

2

**B.      Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend before dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). This is Mr. Witkowski's first complaint, and it is not absolutely clear that no amendment can cure the defects explained above. Accordingly, the Court GRANTS Mr. Witkowski leave to amend. Mr. Witkowski has until July 10, 2025 to file an amended complaint if he chooses to do so.

That complaint must fix the problems explained above by plausibly alleging either the affirmative violation of Mr. Witkowski's constitutional rights by specific defendants, or plausibly alleging facts that meet the standard for liability based on the failure to act. The amended complaint must also either identify the individual government officers who allegedly violated Mr. Witkowski's rights and explain how they did so, or it must plausibly allege facts showing that the City of Port Orchard caused the violations through its official policies, practices, or customs. If the amended complaint does not fix these problems, the Court will dismiss the case.

## IV.      CONCLUSION

The current complaint (Dkt. 9) is DISMISSED WITHOUT PREJUDICE for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The Court GRANTS leave to amend. If Mr. Witkowski wishes to file an amended complaint, he must do so no later than July 10, 2025. If no amended complaint is filed or the amended complaint fails to fix the problems identified in this order, the case will be closed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of June, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 - 7